## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Brian A. Smith, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Boston office of the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have been an HSI Special Agent since 2021. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia where I received training to become a federal agent; specifically, I received a certification in the Criminal Investigator Training Program and the HSI Special Agent Training Program.

2.      As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, the transfer of obscene material to minors, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 1470, 2422, 2423, 2251, and 2252A. I have received training in the investigation of child pornography, child exploitation, and transportation of minors, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256). My specialized child exploitation training includes the completion of the Internet Crimes Against Children ("ICAC") Investigative Techniques course hosted by the National Criminal Justice Training Center. I possess a Master of Science degree in Homeland Security from Endicott College and have received an honorable discharge from the United States Marine Corps after completing 4 years of active-duty service.

3.      I submit this affidavit in support of a criminal complaint charging Brian MCCARTHY ("MCCARTHY") (YOB 1972) of Tewksbury, Massachusetts with one count of

distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

4. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included every fact known to me concerning this investigation.

## **PROBABLE CAUSE**

5. Through an ongoing investigation into the distribution of child sexual abuse material ("CSAM")[1], HSI identified MCCARTHY as an individual who had distributed CSAM to other users of an end-to-end encrypted messaging platform.

6. Pursuant to this investigation, on October 7, 2025, HSI agents and other law enforcement executed federal warrants (25-7462-JCB; 25-7463-JCB) to search MCCARTHY's residence in Tewksbury, Massachusetts for evidence, fruits, and instrumentalities of violations of

---

[1] In this affidavit, "child pornography" and "CSAM" are used interchangeably. "Child pornography" is a term defined by statute as "any visual depiction…of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct." 18 U.S.C. § 2256(8)(A). In recent years, child pornography has been more widely referred to as "child sexual abuse material (CSAM)," including by law enforcement and the National Center for Missing and Exploited Children. Where that term is used in this affidavit, it is used to refer to child pornography as defined by federal statute.

18 U.S.C. § 2252A. The affidavit submitted in support of the search warrants is attached as Sealed Exhibit 1.

7. Upon entry, agents encountered MCCARTHY. MCCARTHY agreed to speak with agents. MCCARTHY was advised of his rights and signed a written waiver of his *Miranda* rights. The interview, which occurred in MCCARTHY's residence, was audio recorded; the statements below are a summary of the interview and not intended to be a verbatim account or transcript.

8. MCCARTHY admitted to sharing and viewing child pornography on Telegram and other applications. MCCARTHY also provided the passcodes to his phone and computer.

9. During a preliminary review of the phone, which is an iPhone 12 mini with a phone number ending in -4906, agents observed that the Telegram application was downloaded and logged in with the username and display name identified during the investigation, with the phone number ending in -4906, as outlined in Sealed Exhibit 1. MCCARTHY told agents that this was his Telegram account.

10. Within Telegram, agents observed over 50 chats. The majority of these chats were one-on-one chats and were related to the exchange of CSAM. For example, agents located a conversation between MCCARTHY and another individual (hereinafter "User 1"). MCCARTHY's conversation with User 1 began on or about September 28, 2025, and continued through October 6, 2025. On October 6, 2025, beginning at approximately 5:30PM, MCCARTHY sent User 1 ten video files that appeared to depict CSAM. An example of one of these files sent at approximately 5:31PM is below:

    a. This video file is approximately one minute and three seconds long, and it depicts a nude prepubescent male sitting cross legged on a couch. The prepubescent male appears to be holding a video game controller, and he appears to approximately five to

3

seven years old based upon his child-like facial features, the overall size of his body, and his lack of pubic hair. An adult male hand is seen placing his fingers on the child's penis and moving them up and down. The camera focuses in on the child's penis.

11. At approximately 5:34PM, MCCARTHY sent another video file:

    a. This video file is approximately 48 seconds long, and it depicts a prepubescent male and another child. The camera is focused in closely on the prepubescent male's penis. The prepubescent male appears to be approximately five to seven years based upon the size of the genitals and the lack of pubic hair. The other child, who also appears to be approximately five to seven years old based on the facial features which can be seen in the video, is seen placing their mouth and hands repeatedly on the child's penis throughout the duration of the video.

12. The last messages seen in this chat were sent by MCCARTHY at approximately 5:36PM and 5:37PM on October 6, 2025. MCCARTHY wrote:

    a. "Love boys that know what they're doing.

    Something about boy on boy sex that I found so beautiful."

## CONCLUSION

13. Based on all of the foregoing, I submit that there is probable cause to believe that:

    a. on or about October 6, 2025, Brian MCCARTHY knowingly distributed any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and

25-MJ-7506-PGL

  b. On or about October 7, 2025, Brian MCCARTHY knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

*Brian A. Smith /by Paul G. Levenson*
Special Agent Brian Smith
Homeland Security Investigations

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of October 7, 2025.

_____
HONORABLE PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE